Mark E. **LANDERS**, Plaintiff,

v.

**DEPARTMENT OF THE AIR FORCE**, Defendant.

No. C–3–00–567.

United States District Court,
S.D. Ohio,
Western Division.

March 7, 2003.

Gary Alan Loxley, Dayton, OH, for Plaintiff.

Gregory Gordon Lockhart, Dale Ann Goldberg, United States Attorney's Office, Dayton, OH, for Defendant.

DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DOC. # 41)

RICE, Chief Judge.

Plaintiff brought this litigation under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking both a declaration that the Defendant has violated that statute by failing to produce documents in response to his request under the FOIA,

and an order of the Court directing the Defendant to produce those documents. The Plaintiff also sought an award of reasonable attorney's fees, in accordance with § 552(a)(4)(E). After this litigation had been initiated, the Defendant produced responsive documents to the Plaintiff and requested that the Court, as a result, dismiss this lawsuit as moot. *See* Doc. # 18. On February 25, 2002, this Court entered a Decision, concluding that the Defendant's production of documents had rendered this lawsuit moot. *See* Doc. # 30.

This case is now before the Court on the Plaintiff's Motion for Attorney's Fees (Doc. # 41). The award of attorney's fees in an action under the FOIA is governed by 5 U.S.C. § 552(a)(4)(E), which provides that a District Court "may assess against the United States reasonable attorney fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." For reasons which follow, the Court concludes that the Plaintiff has not "substantially prevailed" in this litigation and that, therefore, he is not entitled to an award of attorney's fees.[1]

In *Buckhannon Board & Care Home, Inc., v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001), the Supreme Court addressed statutes which provide that the "prevailing party" can recover attorney's fees. In particular, the *Buckhannon* Court rejected the proposition that the catalyst theory was a proper basis for awarding attorney's fees under such statutes and held that a "prevailing party" is one who has been awarded relief by the court, either through a judgment on the merits or a court-ordered consent decree. Therein, the Supreme Court reiterated

that it has interpreted fee shifting provisions consistently. *Id.* at 603 n. 4, 121 S.Ct. 1835 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). In light of *Buckhannon*, the courts which have considered the question have held that "substantially prevailed," as used in the FOIA, should be interpreted consistently with the definition of "prevailing party." *Oil, Chemical and Atomic Workers v. D.O.E.*, 288 F.3d 452 (D.C.Cir.2002); *Union of Needletrades, Industrial and Textile Employers v. United States Immigration and Naturalization Service*, 202 F.Supp.2d 265 (S.D.N.Y. 2002). Thus, those courts have held that the plaintiff in an action under the FOIA must have been awarded relief, such as a judgment on the merits or a court-ordered consent decree, in order to be entitled to recover attorney's fees under that statute. This Court finds the result reached and the rationale employed by those decisions to be compelling and will, therefore, follow them.

It could not be questioned that this lawsuit was the catalyst which led to the disclosure of the documents, the production of which the Plaintiff had requested. Without filing this lawsuit, the Defendant would not have complied with its statutory duty to produce the requested documents. Nevertheless, the Plaintiff is not entitled to recover his attorney's fees, since he obtained no relief from this Court. Accordingly, the Court concludes that the Plaintiff did not substantially prevail and that, therefore, he is not entitled to recover his attorney's fees under § 552(a)(4)(E).

Aware of *Buckhannon*, the Plaintiff argues that this Court should, nevertheless, exercise its equitable discretion and award

---

**1.** As a consequence, it is not necessary to address the Defendant's assertion that the Court should deny Plaintiff's request for attorney's fees, because it was not made within 14 days of the entry of judgment, as is required by Rule 54(d)(2) of the Federal Rules of Civil Procedure.

him attorney's fees. Since this Court is without such discretion, it declines that request. In *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975), the Supreme Court reiterated that the American Rule applies in federal courts, so that each party is responsible for paying its own attorney's fees, unless Congress has provided otherwise by statute.[2] Thus, this Court is without equitable discretion to award attorney's fees to Plaintiff. Moreover, it is axiomatic that this Court cannot require the United States to pay an opposing litigant's attorney's fees, unless it has waived its sovereign immunity. *Library of Congress v. Shaw*, 478 U.S. 310, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986). The United States has not waived its sovereign immunity to permit a District Court to exercise its equitable discretion to require the Government to pay an opponent's attorney's fees.

Accordingly, the Court overrules Plaintiff's Motion for Attorney's Fees (Doc. # 41).

**2.** Therein, the Supreme Court also acknowledged that a federal court retains the inherent authority to award attorney's fees when one party has litigated in bad faith. Herein, the Plaintiff does not assert that the Defendant has so litigated.